UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JAIME JAVIER PEREZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:19-CV-293 |
| | § | |
| MIDFIRST BANK, | § | |
| | § | |
| Defendant. | § | |

## **OPINION AND ORDER**

The Court now considers the motion to dismiss[1] filed by MidFirst Bank ("Defendant"). Jaime Javier Perez ("Plaintiff") did not file a response. After duly considering the record and relevant authorities, the Court **GRANTS** Defendant's motion.

### I.  BACKGROUND

This is a foreclosure case. On June 27, 2012, Plaintiff's ex-wife, Silvia Gonzalez, ("Gonzalez") solely executed a note[2] and deed of trust[3] with NFTN, Inc., which was secured against a property located at 1339 North FM 649, Rio Grande City, Texas. On September 7, 2018, Plaintiff received title to the property following his divorce from Gonzalez.[4] The Deed of

---

[1] Dkt. No. 3.
[2] Dkt. No. 3-1 pp. 2–3.
[3] Dkt. No. 3-2 pp. 2–10. The property is identified in the deed of trust as "1339 North FM 649, Rio Grande City, Texas." A metes and bounds description of the property is provided in Plaintiff's original state court petition. *See* Dkt. No. 1-2 pp. 5–7. In the original state court petition, Plaintiff refers to the deed of trust as "his Deed of Trust." However, while Plaintiff now owns the property, the Court notes that the note and deed of trust were executed by Gonzalez. *Id.* at p. 6.
[4] While Plaintiff does not specify the date on which he received title to the property, neither party disputes Plaintiff's ownership of the property following his divorce from Gonzalez. Defendant cites to the couple's divorce proceeding, Cause No. CC-18-24, *In the Matter of the Marriage of Silvia G. Gonzalez and Jaime J. Perez*, in the County Court at Law of Starr County, Texas, which has also been recorded in the real property records of Starr County, Texas under Document No. 351523, to provide a date on which Plaintiff received title.

Trust was subsequently assigned to JPMorgan Chase Bank on February 7, 2019,[5] and then assigned to Defendant on May 10, 2019.[6] Plaintiff does not identify a date of default. In contrast, Defendant alleges the following sequence of events:

> Gonzalez defaulted under the terms of the [note and deed of trust] and the loan is due and owing for the November 1, 2018 payment and all subsequent monthly payments. On January 8, 2019, JPMorgan Chase Bank, National Association mailed notices of default and an opportunity to cure to the sole obligor on the [note and deed of trust], [] Gonzalez, at 1005 N. Garcia St., Roma, Texas 78584 and the Property address advising her that she had 35 days from the date of the letter to cure the $3,086.80 default or the lender intended to accelerate the balance of the debt. Neither Plaintiff nor Gonzalez cured the default, and on June 11, 2019, [Defendant], through foreclosure counsel, mailed notices of acceleration and notices of sale to Gonzalez to both the Roma address and the Property address. In that notice, Gonzalez was notified that the debt was accelerated and the Property was scheduled to be sold at [an] August 6, 2019 foreclosure sale.[7]

Plaintiff alleges he did not receive notice of default prior to the notice of foreclosure.[8] Plaintiff additionally alleges he was not given "opportunity to cure pursuant to the terms of the Deed and the Texas Property Code."[9] Finally, while Plaintiff does not provide a date on which he received notice of foreclosure on the property, Plaintiff admits to receiving notice of a foreclosure sale scheduled for August 6, 2019.[10]

On August 5, 2019—one day before the scheduled foreclosure sale—Plaintiff filed a petition in state court, bringing a claim against Defendant for a single violation of the Texas Property Code: failure to provide proper notice.[11] Plaintiff sought, and was granted, a temporary

---

[5] Dkt. No. 3-3.
[6] *Id.* at pp. 4–7.
[7] Dkt. No. 3 p. 2, ¶ 3. Defendant provides no evidence that it mailed notice of default and foreclosure to the addresses described in the motion. While Plaintiff does admit to receiving the notice of foreclosure, there is nothing in the record, other than Defendant's aforementioned statements, to suggest that Plaintiff received notice of default in writing.
[8] *Id.*
[9] *Id.*
[10] Dkt. No. 1-2 p. 6.
[11] Dkt. No. 1-2. Plaintiff alleges he did not receive notice of default in violation of the Texas Property Code, but does not cite to a specific section of the Texas Property Code. The Court's interpretation of Plaintiff's Texas Property Code claim is discussed in detail below.

restraining order to prevent the foreclosure sale.[12] Plaintiff further requests a permanent injunction in addition to the temporary restraining order awarded by the state court.[13]

Before the state court ruled on Plaintiff's request for permanent injunction, Defendant removed to federal court on the basis of diversity jurisdiction,[14] and filed the instant motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).[15] Plaintiff failed to respond within twenty-one days, rendering the motion unopposed under the operation of Local Rules.[16] The Court now turns to its analysis.

## II. DISCUSSION

Defendant argues Plaintiff fails to state a claim upon which relief can be granted.[17] Plaintiff failed to respond to this motion to dismiss, and thus, under the Local Rules, is unopposed to the dismissal of this action. Nonetheless, the Court agrees with Defendant.

### a. Legal Standard

To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[18] Although this does not require extensive detail, the pleading must contain "more than labels and conclusions" and go beyond "a formulaic recitation of the elements."[19] The Court regards all well-pled facts as true; however conclusory allegations are not

---

[12] *Id.* at pp. 14–17 (temporary restraining order entered on August 5, 2019).
[13] *Id.* at pp. 6–7.
[14] Dkt. No. 1 p. 3, ¶ 8. Defendant alleges that Plaintiff is a citizen of Texas and Defendant is a citizen of Oklahoma, making the parties completely diverse. *Id.* ¶ 9. Further, Defendant is correct in its allegation that the amount in controversy is $155,580.00, the value of the property at issue. Dkt. No. 1-7 (Starr County Appraisal District); *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir. 1961) (holding that when "a right to property is called into question in its entirety, the value of the property controls the amount in controversy."). There is nothing in the record to suggest Plaintiff is opposed to this Court's jurisdiction over the case.
[15] Dkt. No. 3.
[16] *See* L.R. 7.2–7.4 of the Local Rules of the Southern District of Texas (a motion is deemed unopposed if the non-movant does not respond within twenty-one days). Defendant filed its motion to dismiss on September 12, 2019. Dkt. No. 3.
[17] *See generally* Dkt. No. 3.
[18] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007), cert. denied, 552 U.S. 1182 (2008)) (internal quotations omitted).
[19] *See Twombly*, 550 U.S. at 555.

entitled to the same presumption of truth.[20] These well-pled facts are viewed in the light most favorable to the plaintiff.[21] The Court may dismiss a complaint if the complaint fails to state a claim upon which relief can be granted, or if the pleading does not assert enough facts to support a plausible claim for relief.[22]

As to any question of state law, this Court, *Erie*-bound, must adhere to grounds of relief authorized by the state law of Texas.[23] Absent a decision by a state's highest tribunal, the decisions by Texas courts of appeals control "unless [the Court] is convinced by other persuasive data that the highest court of the state would decide otherwise."[24]

### b. Legal Analysis

In the original state court petition, Plaintiff alleges Defendant failed to provide him with proper notice of default and that Plaintiff was not given "opportunity to cure pursuant to the terms of the Deed of Trust and the Texas Property Code."[25] However, Plaintiff does not cite to a specific section of the Texas Property Code. The Court interprets Plaintiff's claim to allege a violation of Texas Property Code Section 51.002, which provides: "the mortgage servicer of the debt shall serve a debtor in default under a deed of trust . . . on real property used as the debtor's residence with written notice . . . that the debtor is in default . . . and giving the debtor at least 20 days to cure the default before notice of sale can be given."[26] Accordingly, the Court will consider whether Plaintiff states a claim upon which relief can be granted as to Section 51.002 of the Texas Property Code.

---

[20] *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005).
[21] *Id.*
[22] *See In re Katrina Canal Breaches Litig.*, 495 F.3d at 205.
[23] *See Exxon Co. U.S.A, Div. of Exxon Corp. v. Banque De Paris Et Des Pays-Bas*, 889 F.2d 674, 675 (5th Cir. 1989); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).
[24] *Exxon Co. U.S.A, Div. of Exxon Corp.*, 889 F.2d at 675 (quoting *West v. AT&T*, 311 U.S. 223, 237 (1940)) (internal quotation marks omitted).
[25] *Id.*
[26] Tex. Prop. Code §51.002(d) (West).

## A. Texas Property Code Claims

Defendant argues the Texas Property Code does not create a cause of action under which Plaintiff can state a claim.[27] Moreover, Defendant argues, to the extent Plaintiff pleads a wrongful foreclosure claim, such claim fails because a foreclosure did not occur.[28] Finally, Defendant argues that Plaintiff is not entitled to notice, because he was not a debtor obligated to pay the debt pursuant Section 51.002, as Gonzalez was the only debtor listed on the note and deed of trust.[29]

Defendant is correct that there is no claim under Section 51.002(d) where no foreclosure has taken place.[30] Because Plaintiff's complaint does not indicate a foreclosure sale has taken place, his complaint fails to state a claim under Section 51.002(d). Furthermore, courts have indeed found that Section 51.002 does not provide *any* independent cause of action because it does not "contain its own enforcement mechanism."[31] Rather, "federal courts have construed claims under Section 51.002 to be wrongful foreclosure claims."[32]

There can be no wrongful foreclosure when no foreclosure has taken place.[33] Accordingly, Plaintiff's Section 51.002 claim fails even if it is construed as a wrongful foreclosure claim, because no foreclosure sale occurred.[34] Finally, as Defendant notes, Plaintiff is

---

[27] Dkt. No. 3 pp. 4–5, ¶ 8 (citing *Rucker v. Bank of Am., N.A.*, 806 F.3d 828, 830 (5th Cir. 2015)).
[28] *Id.* at p. 5, ¶ 10.
[29] *See id.* at p. 6, ¶ 11.
[30] *See Suarez v. Ocwen Loan Servicing, LLC*, 2015 WL 7076674, at *3 (W.D. Tex. Nov. 12, 2015) ("Failure to comply with Texas Property Code §§ 51.002 (b) and (d) does not provide Plaintiff with a cause of action prior to an actual foreclosure sale.") (citing *Crucci v. Seterus, Inc.*, 2013 WL 6146040, at *3 (W.D. Tex. Nov. 21, 2013)).
[31] *See e.g.*, *Ashton v. BAC Home Loans Servicing, L.P.*, 2013 WL 3807756, at *4 (S.D. Tex. July 19, 2013).
[32] *Id.* (citing *Hill v. Wells Fargo Bank, N.A.*, 2012 WL 2065377, at *7–8 (S.D. Tex. June 6, 2012)); *Bittinger v. Wells Fargo Bank NA*, 2011 WL 3568206, at *4–5 (S.D. Tex. Aug.15, 2011)).
[33] *Foster v. Deutsche Bank Nat'l Tr. Co.*, 848 F.3d 403, 406 (5th Cir. 2017) (citing *James v. Wells Fargo Bank, N.A.*, 533 F. App'x 444, 446 (5th Cir. 2013)) ("A party cannot 'state a viable claim for wrongful foreclosure' if the party 'never lost possession of the Property.'"); *see Manriquez v. Wells Fargo Bank,* N.A., No. 7:18-CV-00012, 2018 U.S. Dist. LEXIS 44207, at *5 (S.D. Tex. Mar. 19, 2018); *see also Biggers v. BAC Home Loans Servicing,* LP, 767 F. Supp. 2d 725, 729 (N.D. Tex. 2011); *Peoples v. BAC Home Loans Servicing, LP*, 2011 WL 1107211, at *4 (N.D. Tex. Mar. 25, 2011).
[34] *Foster*, 848 F.3d at 406.

not the debtor listed on the note or deed of trust and is not entitled to notice pursuant to Section 51.002(d).[35]

Consequently, the Court **DISMISSES WITH PREJUDICE** Plaintiff's Texas Property Code claim.

### B. Injunctive Relief

Plaintiff requests a permanent injunction preventing foreclosure of the property.[36] Plaintiff states no cognizable claim. Injunctive relief requires the movant to establish, among other things, that there is a substantial likelihood of success on the merits.[37] Plaintiff has stated no viable cause of action; thus, injunctive relief is not warranted here. Consequently, the Court **DISMISSES WITH PREJUDICE** Plaintiff's request for injunctive relief.

### III. HOLDING

For the foregoing reasons, Defendant's motion to dismiss[38] is **GRANTED**. The Court hereby **DISMISSES WITH PREJUDICE** Plaintiff's entire action. Accordingly, the Court **CANCELS** the parties' December 17, 2019 initial pretrial and scheduling conference.[39] Pursuant to Rule 58, a final judgment will issue separately.

IT IS SO ORDERED.
DONE at McAllen, Texas, this 6th day of December, 2019.

_____
Micaela Alvarez
United States District Judge

---

[35] *Rodriguez v. Ocwen Loan Servicing, LLC*, 306 F. App'x 854, 856 (5th Cir. 2009) (holding that "under Texas law, '[t]here is no legal requirement that personal notice of a foreclosure be sent to persons not parties to the deed of trust.'"); Tex. Prop. Code § 51.002 (b)(3) (requiring that "notice must be given at least 21 days before the date of the sale by . . . serving written notice of the sale by certified mail on each debtor who, according to the records of the mortgage servicer of the debt, is obligated to pay the debt.").
[36] Dkt. No. 1-2 p. 6.
[37] *See Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011); *Ashton,* 2013 WL 3807756, at *7, n. 31 (denying motion for temporary injunction as moot after granting the defendant's motion to dismiss).
[38] Dkt. No. 3.
[39] Dkt. No. 5.